## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**EARL B. VICTOR**                                                                                               **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 4:08CV-141-M**

**MUHLENBERG CAREER DEVELOPMENT CENTER**           **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff, an Alabama resident, initiated this action by filling out and filing a general complaint form. He lists the Muhllenberg Career Development Center as the sole defendant. The first section of the form complaint asked Plaintiff to list "the grounds for filing this case in Federal Court (include federal statutes and/or U.S. Constitutional provisions, if you know them)." Plaintiff left this section of the form blank. In the statement-of-the-claim section of the complaint, Plaintiff states:

> I was attended Muhlenberg Job Corps Center 2001 but now it is Muhlenberg Career Development Center but anyway I was a student there and the vocational skill offerings I choose was business/clerical but I really was sopost to be taking up the skill welding but they didn't have that skill at that job corp and the reason why I was sopost had took up welding because I had already been to a Job Corp and it was in Morganfield Ky back in 1995-1996. I had complete that skill and got a job in that skill but I only work there for one day because of the man want me to get some more training and welding so he told me that I had to go back to Job Corp while my Job Corp placement specialist was in his office with me so four years went by in I went back to Job Corp and the year I went back to Job Corp was in 2001 and this is the reason why I's suing the Muhlenberg Career Development Center because on 6/14/01 I was attacked by a student in the dorm and now I suffer from severe back pains and thats why I left Muhlenberg Career Development Center and as a result of the beating I feel as though I was made to look like the villian I didn't not feel safe there and I was not eligible for a transfer therefore I was denied the opportunity to get another trade and the name of that trade is business/clerical.

(DN 1).

A district court has authority to dismiss a complaint under Fed. R. Civ. P. 12(b) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Upon

review of the complaint, the Court concludes that this is an instance where dismissal under *Apple v. Glenn* is appropriate.[1]

While Plaintiff does not precisely identify a cause of action against Defendant, it appears that he is primarily arguing that Defendant failed to supervise its other students properly resulting in Plaintiff being attacked and injured. "Ky. Rev. Stat. §413.140(1)(a) provides that an action for 'an injury to the person of the plaintiff' shall be brought within one year. The statute applies to 'cases where the personal injury is the gist of the action, such as actions for assault and battery, and the like.'" *Haggard v. Martin*, 3:01-CV-614-H, 2002 U.S. Dist. LEXIS 7379 (W.D. Ky. Apr. 25, 2002) (internal citations omitted). This statute also governs claims of negligent supervision related to a personal injury. *See id.* (citing *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 287-88 (Ky. Ct. App. 1998)).

Even though Plaintiff brought suit in federal court, Kentucky's statute of limitations applies to Plaintiff's state law cause of action. Plaintiff was injured in 2001. As such, he knew or should have known of his claim at that time. Accordingly, the statute of limitations in this case

---

[1]The Plaintiff filed an application to proceed without prepayment of fees when he filed this complaint. Upon review of the application, the Court ordered Plaintiff to file an amended application because it appeared that he left out a source of income. Plaintiff re-filed his application. However, he put $100.00 in every blank on the form where it asked for income. The Court finds it difficult to believe that Plaintiff receives exactly $100.00 every month from "gifts, alimony, child support, retirement, interest, employment, self-employment, unemployment, welfare, and other." Because the Court finds that the complaint is subject to dismissal under *Apple v. Glenn*, it would be a waste of judicial resources for the Court to continue attempting to resolve the issues related to Plaintiff's income.

expired in 2002, over six years ago. Thus, it is "no longer open to discussion" that this action is subject to dismissal.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc: Plaintiff, *pro se*

4414.008